### (June 20, 1973)

In the Matter of ROBERT STREB et al., Respondents, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1, TOWN OF HUNTINGTON, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to review a determination of the appellant Board of Education, dated March 22, 1972, refusing to grant sabbatical leaves, the appeal is from a judgment of the Supreme Court, Suffolk County, dated September 20, 1972, which granted the petition, annulled the determination and directed appellants to grant to

petitioners sabbatical leaves for the school year commencing July 1, 1972. Judgment modified, on the law, by deleting from the third decretal paragraph thereof (which directed appellants to grant sabbatical leaves to petitioners under a certain collective bargaining agreement) the words "grant sabbatical leaves for the school year commencing July 1, 1972", and substituting therefor the words "review and consider petitioners' applications for sabbatical leaves". As so modified, judgment affirmed, without costs. We agree with Special Term insofar as it held that section 82 of the Civil Service Law did not prohibit the appellant Board of Education from accepting and considering applications tendered during the school year 1971–72 for sabbatical leaves sought to be taken during the school year 1972–73 (*Matter of Board of Educ., Cent. High School Dist. No. 3, Nassau County [Teachers Assn.]*, 40 A D 2d 716.) We disagree with Special Term insofar as it concluded that article XVI of the collective bargaining agreement gave petitioners a clear right to sabbatical leaves. Article XVI established a four-stage process for the granting of sabbatical leaves. The third stage required the District Principal to review the application and the recommendations of the Sabbatical Leave Committee and the Building Principal. Under the fourth stage the District Principal's recommendations were then to be forwarded to the Board of Education for approval. We do not view the board's role as merely a perfunctory one. It is implicit in subdivision F of article XVI that certain applications would not be approved. In our opinion, the board must pass upon each application in a fair and reasonable manner. While it is true that the board failed to consider petitioners' applications for sabbatical leaves, that was because the board was laboring under the mistaken view that section 82 of the Civil Service Law prohibited it from even passing upon sabbatical leave requests for the school year 1972–1973. Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.